### ROBINSON et al. v. LEWIS et al.

#### (City Court of New York, General Term. November 27, 1893.)

TROVER AND CONVERSION—REFUSAL OF OFFER TO RETURN.
Where goods have been unlawfully taken, the refusal of an offer made by the wrongdoer to return them does not bar an action to recover damages for the unlawful taking.

Appeal from trial term.

Action by Morris Robinson and others against Charles Lewis and others. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before VAN WYCK and NEWBURGER, JJ.

Nathan Lewis, for appellants.
David Leventritt, for respondents.

VAN WYCK, J. This action is for the recovery of damages for the wrongful taking and detention of defendants' goods. The verdict was for plaintiffs, and the proof is amply sufficient to sustain a finding by the jury that the taking of the goods was unlawful, and, so finding, the law says that the conversion was fixed, and the cause of action accrued at the time of such taking; hence any subsequent offer to return, and refusal to receive, the goods is no bar to an action for the recovery of damages for their unlawful taking. The proof that the taking was unlawful seems complete and overwhelming, and as to the value of the goods so taken was sufficient to justify the verdict, for the plaintiff, testifying, at folio 36, says that $385.37 was the fair and reasonable value of these

goods on the day of the unlawful taking, and that that was the price paid for them by plaintiffs, who purchased them from various merchants in this city. It was not error for the judge to charge in this case that the purchase price of an article is some evidence of its value, as plaintiffs testified that such purchase price was the fair and reasonable value. The rulings of the judge as to admission and rejection of evidence are not erroneous, and no error is found in his charge or his refusals to charge defendants' request. The verdict for plaintiffs for the full amount claimed was righteous, and the judgment and order appealed from are affirmed, with costs.